UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY JO ROSACRANS,

    Plaintiff,                                    Civil Action No. 05-72674

v.                                            Judge Avern Cohn

JO ANNE BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

## MEMORANDUM AND ORDER GRANTING PLAINTIFF'S PETITION FOR ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT

### I. Introduction & Procedural History

This is a social security case. Plaintiff Mary Jo Rosacrans (Rosacrans) appealed to this Court from the final decision of the Commissioner of Social Security (Commissioner) denying her application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act on March 27, 2003. The parties presented cross-motions for summary judgment, and the Court referred the matter to a magistrate judge for pretrial proceedings. On June 30, 2006, the magistrate judge issued a report and recommendation (MJRR) in which he concluded that the Administrative Law Judge's (ALJ) decision to deny Rosacrans disability benefits was not based upon substantial evidence. Rosacrans argued that the ALJ failed to properly assess her mental limitations and therefore failed to formulate a sufficient and accurate hypothetical question to the vocational expert (VE). The magistrate judge agreed. In particular, the magistrate judge noted that the ALJ's analysis of the mental evidence was only a single

paragraph long. He found that the ALJ failed to follow regulation 20 C.F.R. § 404.1520(a)(e)(2), which states that,

> the decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding as to the degree of limitation related to the plaintiffs mental impairments in each of the following functional areas set forth in paragraph (c) of this section: [(1) daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation].

Here, the ALJ failed to make specific findings as to the degree of limitation in each of the four functional areas. Moreover, the magistrate judge found that the ALJ did not evaluate Rosacrans' treating physician's evaluative reports as a whole. The treating physician diagnosed Rosacrans with major depression[1], and commented that Rosacrans,

> is *ordinarily* a very active social person, very committed to remaining sober, involved with her family and friends who had experienced great difficulty adjusting to her physical lifestyle changes ... but continues to be plagued by financial concerns, isolation due to physical discomfort and very little optimism about the future. (emphasis added by the magistrate judge).

The magistrate judge found that the ALJ misread this comment and stated that the treating physician had reported more optimistically that Rosacrans' "depression stabilized with prescribed antidepressant medication and that she was very active and very committed to remaining sober."[2] Furthermore, the magistrate judge found that the ALJ failed to mention in his report that Rosacrans had visited an emergency room and

---

[1] The treating physician noted that Rosacrans' symptoms of her major depression included: sleep disorder, lack of motivation, lowered libido, increased appetite with waking feelings of irritability, being easily overwhelmed and helpless, agitation, cognitive impairment and panic.

[2] The magistrate judge found that the ALJ had also misread another one of the treating physician's comments.

2

was hospitalized for three days because she had suicidal thoughts.  Regarding this episode, the ALJ stated only that "[o]n February 19, 2002, the claimant was seen at a hospital emergency department after being extremely distraught over a breakup of a relationship.  Diagnosis was major depression."

The magistrate judge found that the ALJ's evaluation of Rosacrans' mental problems was "abbreviate, incomplete, and occasionally inaccurate" and held that it should not be considered harmless error.  He recommended that the denial of benefits be reversed and remanded for further proceedings.  Neither party objected to the MJRR.

On July 26, 2006, this Court adopted the MJRR and remanded the case for further administrative proceedings consistent with the report.  Before the Court is Rosacrans' motion and brief seeking an attorney fee under the EAJA in the amount of $4,025.00 for 28.75 hours worked.

## II. Standard

The EAJA provides in relevant part that:

a court shall award to a prevailing party ... fees and other expenses ... incurred by that party in any civil action ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  The standard for substantial justification is one of reasonableness. Hudson v. Secretary of Health and Human Services, 839 F.2d 1453, 1456 (11th Cir. 1988).  The government must show that its case had a reasonable basis both in law and fact.  Id.  The test is "more than mere reasonableness."  Id.

### III. Analysis

1.

Rosacrans argues that the ALJ's failure to follow the requirements of applicable regulations renders the Commissioner's position not substantially justified. Hudson v. Secretary of HHS, 839 F.2d 1453 (11th Cir. 1988); see also, Wilson v. Commissioner, 378 F.3d 541, 544 (6th Cir. 2004)(holding that the Commissioner is bound by her own regulations).

The Government responds that the Commissioner had at least a rational basis for arguing that the ALJ's failure to comply with C.F.R. § 404.1520(a)(e)(2) was harmless error because the record largely indicated that Rosacrans did not have a disabling mental impairments. The Government points out that the magistrate judge even commented that there are "many reasons to discount Plaintiff's claims that it is now her mental limitation that is disabling- and not her physical impairments that have improved with surgery and were adequately accommodated by the ALJ in the hypothetical question to the VE."

Moreover, while the Government concedes that the ALJ failed to address plaintiff's mental limitations in the four areas of function as required, it argues that its position that the ALJ's failure was harmless error was reasonable because the ALJ specifically queried the VE regarding Rosacrans' mental limitations in the four areas of function.

2.

The Commissioner's position was not substantially justified. In Weber v. Weinberger the district court stated that "Agency action found to be ...unsupported by

substantial evidence is virtually certain to not have been substantially justified under the [Social Security] Act. Only the most extraordinary circumstances could permit such an action to be found substantially justified ..." 651 F. Supp. 1379, 1387 (W.D. Mich. 1987) (quoting H.R. Rep. No. 99-120(I) at 9-10 (1985), reprinted in 1985 U.S.C.C.A.N. at 132, 138). Here, the magistrate judge found that the ALJ did not follow the statutory regulations and methodologies required by the Social Security Act, first when he failed to specifically address the four areas of function, and second when he discounted the treating physician's diagnosis and misread his comments.[3] The Commissioner did not raise objections to the MJRR. Based on these errors the Court cannot agree that the Commissioner's position that the ALJ's errors were harmless was reasonably based in law and fact.

Moreover, the Commissioner's argument that the ALJ's errors were harmless because the VE was asked to address the four functional areas referenced in section 404.1520(a)(e)(2) is also unavailing. The ALJ's errors cannot be divorced from the VE's answer to the hypothetical because the information upon which the VE formulated his answer was provided by the ALJ who did not fully and accurately evaluate Rosacrans' mental problems.

---

[3] Importantly, regulations have been created to provide procedural and substantive safeguards for the parties. In Wilson v. Commissioner of Social Security, 378 F.3d 541, 546 (6th Cir. 2004), the Court of Appeals for the Sixth Circuit explained that , "A court cannot excuse the denial of a mandatory procedural protection simply because, as the Commissioner urges, there is sufficient evidence in the record for the ALJ to discount the treating sources opinion and thus, a different outcome on remand is unlikely ... [t]o hold otherwise and to recognize substantial evidence as a defense to non-compliance ... would afford the Commissioner the ability [to] violate the regulation with impunity and render the protections promised therein illusory."

## IV. Conclusion

For the reasons stated above, the Court GRANTS Rosacrans' motion for attorney's fees. The Clerk shall enter a judgment awarding Rosacrans in the amount of $4,025.00 for attorneys' fees and costs.

SO ORDERED.

      s/Avern Cohn
      AVERN COHN
      UNITED STATES DISTRICT JUDGE

Dated: November 6, 2006

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, November 6, 2006, by electronic and/or ordinary mail.

      s/Julie Owens
      Case Manager, (313) 234-5160